UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA M. SALINAS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:15-cv-00976-EPG<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 26, 28) |

Before the Court is a motion and amended motion filed by Monica Perales, counsel for Plaintiff Virginia M. Salinas ("Plaintiff"), requesting an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF Nos. 26, 28.) For the following reasons, the motion for an award of attorney's fees, as amended, is GRANTED in the amount of $15,000.00.

**I.    BACKGROUND**

Plaintiff brought the underlying action seeking judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits ("DIB"). (ECF No. 1.)

On March 24, 2016, Plaintiff filed her opening brief. (ECF No. 15.) The Commissioner failed to file a timely responsive brief and the Court took the matter under submission on July 20, 2016. (ECF No. 21.) On August 24, 2016, the Court entered an order remanding the case with

instructions to "further consider and develop the testimony of the vocational expert and consultative examiner Dr. Hirokawa's opinion." (ECF No. 22.) The Clerk of Court entered judgment pursuant to the Court's order on August 24, 2016. (ECF No. 23.)

On November 18, 2016, the parties filed a stipulation for an award of $3,700.00 in attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"). (ECF No. 24.) The Court entered an order approving the stipulation on November 23, 2016. (ECF No. 25.)

On September 25, 2019, the Commissioner effectuated the remand order and issued a decision to grant Plaintiff's application for benefits. (ECF Nos. 26 at 21, 26-2.) The Commissioner issued a notice dated July 6, 2021, indicating that the retroactive benefits awarded to Plaintiff totaled $125,956.00.[1] (ECF Nos. 26 at 21, 26-3.)

On November 23, 2021, Plaintiff's counsel file the underlying motion seeking attorneys' fees in the amount of $28,000.00 pursuant to 42 U.S.C. § 406(b), without a credit to Plaintiff for the EAJA fees previously awarded. (ECF No. 26.) Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (ECF No. 26 at 24.) On December 13, 2021, the Court entered an order directing the Commissioner to file a response to the motion within fourteen days. (ECF No. 27.) The Commissioner did not file a response to the motion or otherwise respond to the Court's order.

On December 13, 2021, Plaintiff's counsel filed an amended motion requesting an award of $15,000.00 in fees without a credit for EAJA fees. (ECF No. 28.) Plaintiff's counsel attached an email from Plaintiff stating that she agrees to the $15,000.00 fee award. (ECF No. 28-1.) To date, the Commissioner has not filed an opposition, statement of non-opposition, or other response to the motion or the amended motion.

**II.   DISCUSSION**

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess*

---

[1] The Notice of Award did not state the total amount of past-due benefits awarded. (*See* ECF No. 26-3.) Instead, the notice stated that $31,489.50, representing 25 percent of past due benefits, were being withheld. (*See id.*) The $126,956.00 figure in the motion appears to have been calculated based on this withholding amount.

2

*of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the section 406(b) attorney fees award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25 percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the

3

character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and Plaintiff's counsel, which is signed by Plaintiff, provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for court work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney

(ECF No. 26-1.)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. Plaintiff's counsel represents that she spent a total of 17.9 hours of attorney time and 3.6 hours of paralegal time representing Plaintiff in this matter. (ECF No. 26-4.) Counsel ultimately gained a favorable decision in that the case was remanded to an Administrative Law Judge, resulting in an award of benefits to Plaintiff. (ECF No. 26 at 21.) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Plaintiff's counsel seeks an award of $15,000.00, which results in an average hourly rate for attorney time of approximately $697.67. The Ninth Circuit has found similar—and in many cases, higher—effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social

security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

Further, although 25 percent of Plaintiff's past-due benefits totals $31,489.00 , Plaintiff's counsel requests an award of only $15,000.00. (ECF Nos. 26 at 6, 28.) Thus, the amount of fees sought does not exceed 25 percent of past-due benefits and is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting section 406(b) attorney fees in the amount of $24,350.00); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting section 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting section 406(b) attorney fees in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011), *adopted by* 2011 WL 841363 (recommending an award of section 406(b) attorney fees in the amount of $34,500.00).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and an award of substantial benefits to Plaintiff.

An award of section 406(b) fees must generally be offset by any prior award granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff was previously awarded $3,700.00 in fees and expenses pursuant to EAJA. However, Plaintiff's counsel did not receive the EAJA fees because the award was utilized to pay a debt owed as reported by the Department of Treasury. (ECF Nos. 26 at 1, 26-14, 28 at 1.) Because counsel never received the EAJA fee award, the Court will not order an offset for the prior EAJA fee award. *See, e.g.,*

*Armstrong v. Comm'r of Soc. Sec.,* 2020 WL 133948, at *2 (E.D. Cal. Jan. 13, 2020) (declining to order an offset for a prior EAJA award used to pay off plaintiff's federal debt obligation because "[a]llowing an offset would have the effect of making counsel pay for plaintiff's federal debt obligation."); *Powers v. Berryhill,* 2018 WL 323098, at *2 (E.D. Cal. June 28, 2018) (finding that reimbursement of EAJA fees was not necessary where counsel did not receive any payment due to the plaintiff's federal debt); *Whiteside v. Comm'r of Soc. Sec.,* 2015 WL 3654504, at *3 (E.D. Cal. June 11, 2015) (holding that a section 406(b) award was not subject to offset where the EAJA fees were taken by the Department of Treasury).

In light of the foregoing, the Court finds that an award of attorney fees pursuant to section 406(b) in the amount of $15,000.00, without an offset for EAJA fees previously awarded, is appropriate.

### III.     CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) (ECF No. 26), as amended (ECF No. 28), is GRANTED in the amount of $15,000.00, without an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412; and

2. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff at the following address.

>       Virginia M. Salinas
>       422 N Chestnut, Apt 102
>       Fresno, CA 93702

IT IS SO ORDERED.

Dated:  **February 16, 2022**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE